IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN J. CUNNEY, | * |
| Plaintiff | * |
| v. | *   CIVIL NO. JKB-13-2519 |
| PATRICK COMMUNICATIONS LLC, *et al.* | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

On March 31, 2015, the parties docketed correspondence with the Court and requested a conference to resolve a pending discovery dispute. (ECF Nos. 31 & 32.) The Court held a telephone conference on April 2, 2015 with counsel for all parties. The conference was not on the record. The Court has now carefully considered all arguments, and decides as follows:

Defendants W. Lawrence Patrick and Susan Patrick (collectively "Mr. and Mrs. Patrick") are "husband and wife," as well as "managing members" of Defendant Patrick Communications. (ECF No. 32 at 1.) This dispute arises because Defendants assert a marital privilege to bar production of fifty-eight documents that involve communications between Mr. and Mrs. Patrick. Plaintiff objects because the communications are allegedly in regard to pure business matters, unrelated to the spousal relationship.

Maryland's marital communications privilege states that "[o]ne spouse is not competent to disclose any confidential communication between the spouses occurring during their marriage." MD Code, Cts. & Jud. Proc., § 9-105. The Maryland Court of Appeals has held that

"[c]ommunications between husband and wife occurring during the marriage are deemed confidential if expressly made so, or if the subject is such that the communicating spouse would probably desire that the matter be kept secret, either because its disclosure would be embarrassing or for some other reason." *Coleman v. State*, 380 A.2d 49, 52 (Md. 1977).

Plaintiff would suggest that whole categories of communications between spouses are not privileged under § 9-105. The Court, however, interprets Maryland law to mean simply that all communications that are solely between spouses are presumed to be confidential.

Plaintiff's contention relies on a comparison to New York's spousal communications privilege. *See* N.Y. C.P.L.R. 4502(b). New York's statutory text is similar to Maryland's, but the law in the two states diverged many years ago by virtue of appellate court interpretations. The Maryland Court of Appeals refused to read exceptions into the marital privilege where the text itself had "no express exceptions." *Coleman*, 380 A.2d at 54 (declining to find an implied exception to § 9-105 for marital communications in furtherance of a crime). In contrast, New York courts have long excluded from the marital privilege those conversations "related solely to 'ordinary business' " matters. *See G-Fours, Inc. v. Miele*, 496 F.2d 809, 811 (2d Cir. 1974) (quoting *Parkhurst v. Berdell*, 18 N.E. 123 (N.Y. 1888)) (applying New York law); *see also Saint Annes Dev. Co., LLC v. Trabich*, 2009 WL 324054, at *9-10 (D. Md. Feb. 9, 2009) (applying New York law, and citing favorably to *G-Fours, Inc.*, 496 F.2d 809).

For these reasons, the Court finds that confidential communications between Mr. and Mrs. Patrick are privileged, regardless of the subject matter. That said, the parties must determine whether the disputed communications were indeed "confidential." If instead, communications were "made with the contemplation or expectation that a third party [would]

learn of [them], [then] the confidential communication privilege does not apply." *Matthews v. State*, 598 A.2d 813, 820 (Md. Ct. Spec. App. 1991).

To that end, Plaintiff is DIRECTED to propound interrogatories to discover both: (a) Who else had access to the contested, allegedly confidential marital communications?; and (b) Who else did Mr. and Mrs. Patrick *know or reasonably expect* to have such access?  Defendants are DIRECTED to respond to Plaintiff's interrogatories, accordingly.

DATED this 3rd day of April, 2015.

BY THE COURT:

/s/
James K. Bredar
United States District Judge